UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NAZARETH COLLEGE OF ROCHESTER &
LeCHASE CONSTRUCTION SERVICES LLC,

                                              Plaintiffs,

                                              Case # 16-CV-6418-FPG

v.

                                              DECISION AND ORDER

HARLEYSVILLE PREFERRED INSURANCE CO.,

                                              Defendant.

## INTRODUCTION

Plaintiffs Nazareth College of Rochester ("Nazareth") and LeChase Construction Services LLC ("LeChase") (collectively "Plaintiffs") bring this action against Harleysville Preferred Insurance Company ("Defendant") for declaratory judgment, breach of contract, and breach of the implied duty of good faith and fair dealing.

On June 20, 2016, this action was removed from New York State Supreme Court, County of Monroe, to the United States District Court for the Western District of New York based on diversity jurisdiction. ECF No. 1; *see* 28 U.S.C. § 1332. On June 27, 2016, Defendant moved to dismiss portions of Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. ECF No. 3. On July 14, 2016, Plaintiffs responded in opposition to Defendant's motion and also requested that the Court allow them to file an amended complaint. ECF No. 7. Plaintiffs included a proposed amended complaint as an exhibit to their opposition papers. ECF No. 7-1; *see* Loc. R. Civ. P. 15(a).

On August 1, 2016, Defendant moved to dismiss portions of the amended complaint pursuant to Rule 12(b)(6). ECF Nos. 9-12. On August 12, 2016, Plaintiffs responded in

opposition to the motion (ECF Nos. 13-14), and on August 19, 2016, Defendant filed reply papers (ECF No. 15).

Because the Court should "freely give" leave to amend "when justice so requires," Fed. R. Civ. P. 15(a)(2), and the second set of motion papers rely on Plaintiffs' amended complaint, the Court considers the amended complaint the operative pleading. *See Arce v. Walker*, 139 F.3d 329, 332 n.4 (2d Cir. 1998) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.") (citation omitted).[1] Accordingly, Defendant's motion to dismiss the original complaint (ECF No. 3) is DENIED AS MOOT. For the reasons that follow, Defendant's motion to dismiss the breach of the implied covenant of good faith and fair dealing claim and the prayer for attorneys' fees (ECF Nos. 9-12) is GRANTED.

## RELEVANT FACTS[2]

Nazareth hired LeChase to manage a project ("the Project") to build a Math and Science Facility on its campus in Pittsford, New York. ECF No. 7-1, at ¶¶ 2, 11. LeChase had contractual relationships with Billitier Electric, Inc. ("Billitier") and with Crosby-Brownlie ("Crosby") to perform electrical and HVAC work on the Project. *Id.* at ¶¶ 13-14. Crosby employed Stephen M. Jones ("Mr. Jones"), formerly known as Stephen M. Mollins, to construct and install sheet metal flashing for the Project. *Id.* at ¶ 15. On April 18, 2012, Mr. Jones was working for Crosby and installing sheet metal flashing in the walls of the Center for Math and Science Building when he received an electrical shock and fell from a ladder to the floor below. *Id.* at ¶¶ 16, 18. On July 12, 2012, Mr. Jones filed a summons and complaint in the Genesee

---

[1] The Clerk of Court is directed to docket the amended complaint (ECF No. 7-1) as a separate entry on CM/ECF.

[2] The following allegations are taken from Plaintiffs' amended complaint (ECF No. 7-1) and are accepted as true for the purpose of evaluating Defendant's motion to dismiss.

County Clerk's Office against Nazareth, LeChase, and Billitier seeking compensation for his injuries. *Id.* at ¶ 17.

Defendant issued a commercial general liability policy ("the Policy") to Crosby that was in effect when Mr. Jones was injured. *Id.* at ¶ 7. Plaintiffs allege that the Policy names them as additional insureds and protects them "from any and all claims for injuries or damages, including attorneys' fees, by whomever caused, arising out of or caused by the performance of the subcontract work." *Id.* at ¶¶ 26-35.

On April 18, 2012, LeChase notified Crosby by letter of the incident involving Mr. Jones. *Id.* at ¶ 36. On July 5, 2012, Nazareth and LeChase's general liability carrier formally tendered defense and indemnification of Mr. Jones's claim to Defendant. *Id.* at ¶ 37. Defendant denied tender by letter dated December 19, 2012. *Id.* at ¶ 38. Plaintiffs' counsel re-tendered defense and indemnification to Defendant by letter dated February 19, 2014. *Id.* at ¶ 39. Defendant denied re-tender by letter dated April 29, 2014. *Id.* at ¶ 40. Plaintiffs allege that Crosby and Defendant have "refused to honor [their] contractual obligations . . . to defend and indemnify [Plaintiffs]," which has forced them to litigate the action brought by Mr. Jones. *Id.* at ¶¶ 42-44.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007), and "draw all reasonable inferences in Plaintiff's favor." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."

*Twombly,* 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## DISCUSSION

### I. Breach of the Implied Covenant of Good Faith and Fair Dealing

Defendant argues that Plaintiffs' breach of the implied covenant of good faith and fair dealing claim should be dismissed because it is duplicative of the breach of contract claim. ECF No. 11, at 5-7.

Contracts under New York law contain an implied covenant of good faith and fair dealing "pursuant to which neither party to a contract shall do anything which has the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Dorset Indus., Inc. v. Unified Grocers, Inc.*, 893 F. Supp. 2d 395, 405 (E.D.N.Y. 2012) (quoting *Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 407 (2d Cir. 2006)). This covenant "'includes an implied undertaking on the part of each party that he will not intentionally and purposely do anything to prevent the other party from carrying out the agreement on his part.'" *Id.* (quoting *Kader v. Paper Software Inc.*, 111 F.3d 337, 342 (2d Cir. 1997)).

Although parties to an express contract are bound by this implied duty, "breach of that duty is merely a breach of the underlying contract." *Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 80 (2d Cir. 2002) (citation omitted). "Where . . . 'a breach of contract claim, based upon the same facts, is also pled,' New York law 'does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing.'" *Symquest Grp., Inc. v.*

*Canon U.S.A., Inc.*, 186 F. Supp. 3d 257, 265 (E.D.N.Y. 2016) (quoting *Cruz v. FXDirectDealer, LLC*, 720 F. 3d 115, 125 (2d Cir. 2013)). Accordingly, "when a complaint alleges both a breach of contract and a breach of the implied covenant of good faith and fair dealing based on the same facts, the latter claim should be dismissed as redundant." *Id.*

Here, Plaintiffs do not allege that Defendant intentionally and purposely prevented them from carrying out the agreement. Instead, Plaintiffs allege that Defendant breached the implied covenant of good faith and fair dealing "by refusing to acknowledge coverage or withdraw or alter its denial of coverage and by forcing Plaintiffs to litigate in order to obtain the rights and benefits to which they are entitled under [the Policy]." ECF No. 1, at ¶ 58. Plaintiffs also allege that Defendant's refusal to "defend and indemnify" Plaintiffs was against "prevailing decisional law," unreasonable, and in "gross disregard of the Plaintiffs' interests under [the Policy] and/or gross negligence on the part of the Defendant." *Id.* at ¶¶ 59-62. Similarly, Plaintiffs breach of contract claim alleges that Defendant "breached its contractual duties and obligations under [the Policy] by failing to defend and indemnify Plaintiffs" in the lawsuit involving Mr. Jones. *Id.* at ¶ 53.

The same allegations underlie Plaintiffs' breach of contract claim and their breach of the implied covenant of good faith and fair dealing claim, *i.e.*, that Defendant failed to defend and indemnify Plaintiffs with respect to the Jones lawsuit. Accordingly, the breach of the implied covenant of good faith and fair dealing claim must be dismissed as duplicative of Plaintiffs' breach of contract claim.

**II.     Prayer for Extra-Contractual Damages**

The prayer for relief in Plaintiffs' amended complaint includes a claim for attorneys' fees. ECF No. 7-1, at 12. Defendant argues that Plaintiffs request for attorneys' fees should be

5

dismissed because Plaintiffs have not sufficiently pled that Defendant acted in bad faith when it denied coverage. ECF No. 11, at 6-10.

"[I]t is well established that 'an insured may not recover the expenses incurred in bringing an affirmative action against an insurer to settle its rights under the policy.'" *Cont'l Info. Sys. Corp. v. Fed. Ins. Co.*, No. 02 CIV. 4168 (NRB), 2003 WL 145561, at *5 (S.D.N.Y. Jan. 17, 2003) (quoting *New York Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 323 (1995) (granting the defendants' motion to dismiss the plaintiff's demand for attorneys' fees)); *see also Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 199 (2d Cir. 2003) ("Under the general rule in New York, attorney's fees are the ordinary incidents of litigation and may not be awarded to the prevailing party unless authorized by agreement between the parties, statute, or court rule.") (citation omitted).

There is an exception, however, "where there has been an unreasonable, bad faith denial of coverage." *Cohen v. U.S. Fidelity and Guar. Co.*, No. 04Civ.5921(RMB)(MHD), 2005 WL 1036097, at *5 (S.D.N.Y. May 4, 2005) (quotation marks and citations omitted). A plaintiff must show "such bad faith in denying coverage that no reasonable carrier would, under the given facts, be expected to assert it." *Id.* (quoting *Sukup v. State of New York*, 19 N.Y.2d 519, 522 (1967)). To do this, a plaintiff must allege that "(1) the insurer denied coverage as a result of 'gross negligence'; and (2) the insurer lacked even an 'arguable' basis for denying coverage under the standards of a reasonable insurer." *Kurzdorfer v. GEICO Gen. Ins. Co.*, No. 12-CV-781-A, 2013 WL 434186, at *2 (W.D.N.Y. Feb. 4, 2013) (citing *Sukup*, 19 N.Y.2d at 522).

Here, Plaintiffs' only factual allegation is that Defendant acted in bad faith because it "refused to acknowledge its obligation to defend and indemnify the Plaintiffs even in the face of prevailing decisional law." ECF No. 7-1, at ¶ 59. Plaintiffs then cite to two decisions in cases

against Defendant in other districts: *HBE Corp. v. Harleysville Group, Inc.*, No. 7:14-CV-145 (MAD/TWD), 2015 WL 5750114 (N.D.N.Y. Sept. 30, 2015) and *Zurich Am. Ins. Co. v. Harleysville Ins. Co.*, 194 F. Supp. 3d 253 (S.D.N.Y. 2016). In those cases, the courts found that Defendant was obligated to defend and indemnify the additional insureds. But Defendant could not have known of these decisions when it denied coverage to Plaintiffs in December of 2012 and then again in April of 2014 (ECF No. 7-1, at ¶¶ 38, 40), because they were rendered well *after* Defendant denied coverage in this case. Additionally, Plaintiffs' remaining allegations that Defendant's conduct "constitutes gross disregard of the Plaintiffs' interests" and amounted to "gross negligence on the part of the Defendant" are insufficient because they are conclusory and lack "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

    Moreover, consequential damages extend only to those that were "within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting." *Bi-Economy Mkt., Inc. v. Harleysville Ins. Co. of N.Y.*, 10 N.Y.3d 187, 192 (2008) (citation omitted). "[U]nless a plaintiff alleges that the specific injury was of a type contemplated by the parties at the time of contracting, a claim for consequential damages should be dismissed." *Cont'l Info. Sys. Corp.*, 2003 WL 145561, at *4. "[T]o determine whether such damages were within the contemplation of the parties at the time of contracting, New York courts take into consideration whether there existed a specific provision in the policy itself permitting recovery for the loss." *Id.* (citing *Brody Truck Rental, Inc. v. Country Wide Ins. Co.*, 277 A.D.2d 125, 126 (1st Dep't 2000)).

    In their opposition papers, Plaintiffs argue that when they entered into the subcontract with Crosby, Defendant "was or should have been on notice" that if a Crosby employee was

7

injured while performing work on Crosby's behalf for Plaintiffs, Defendant's "policy would be implicated and called upon to provide a defense and indemnification" to Plaintiffs. ECF No. 14, at 14-15. However, Plaintiffs' amended complaint does not allege that the parties contemplated consequential damages resulting from Defendant's refusal to defend and indemnify Plaintiffs, and the parties have not indicated that the contract contained any express provision providing for consequential damages under those circumstances.

Accordingly, for the reasons stated, Plaintiffs' claim for attorneys' fees must be dismissed.

## CONCLUSION

Defendant's motion to dismiss the original complaint (ECF No. 3) is DENIED AS MOOT. Defendant's motion to dismiss the breach of the implied covenant of good faith and fair dealing claim and the prayer for attorneys' fees (ECF Nos. 9-12) is GRANTED and those claims are DISMISSED.

IT IS SO ORDERED.

Dated: March 15, 2017
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court